UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEMEKO HOLLAND,

          Petitioner,

v.

PATRICK GLEBE,

          Respondent.

Case No. C14-70 JCC-BAT

**REPORT AND RECOMMENDATION**

Petitioner, proceeding pro se, has filed an application to proceed in forma pauperis ("IFP") in this habeas case. Dkt. 4. Petitioner's IFP application reflects that his average monthly receipts are $245.37 and his average spendable balance is $36.38. Dkt. 4-1, p. 1.

**DISCUSSION**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). The Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that ... the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Thus, an action may proceed despite a failure to prepay the filing fee only if leave to proceed IFP is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir.1999). Permission to proceed IFP is itself a matter of privilege and not a right and the denial of IFP status does not violate the applicant's right to due process. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir.1984) (*citing Weller v. Dickson*, 314 F.2d 598, 600 (9th

REPORT AND RECOMMENDATION - 1

1 Cir), *cert. denied*, 375 U.S 845 (1963). The Court has broad discretion to grant or deny an IFP application. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990); *Weller*, 314 F.2d at 600-601.

Based on the level of income reflected in Petitioner's IFP application, he can afford to pay the $5.00 filing fee for the filing of his habeas petition. Petitioner's IFP application should therefore be **DENIED**.

## CONCLUSION

The Court recommends that Petitioner's IFP application be **DENIED** and that Petitioner be directed to pay the usual filing fee within 30 days of the District Court's Order. If Petitioner fails to pay the filing fee, the Clerk should be directed to close the file.

Any objections to this Recommendation must be filed and served upon all parties no later than **February 19, 2014.** The Clerk should note the matter for **February 24, 2014**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

DATED this 29th day of January, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge